UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HARRISON BURTON,

Plaintiff,

v.

J. CHENOWETH,

Defendant.

No. 2:14-cv-2331 KJN P

ORDER

I. Introduction

Plaintiff is a state prisoner, proceeding without counsel. He filed a civil rights action pursuant to 42 U.S.C. § 1983. On October 17, 2014, plaintiff consented to proceed before the undersigned for all purposes. See 28 U.S.C. § 636(c). Pending before the court is defendant's motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the undersigned orders that defendant's motion be granted, but with leave to amend.

II. Legal Standard for Motion to Dismiss

Rule 12(b)(6) of the Federal Rules of Civil Procedures provides for motions to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must accept as true the allegations of the complaint in question, Erickson v. Pardus, 551 U.S. 89

(2007), and construe the pleading in the light most favorable to the plaintiff. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969); Meek v. County of Riverside, 183 F.3d 962, 965 (9th Cir. 1999). Still, to survive dismissal for failure to state a claim, a pro se complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief must have facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. Attachments to a complaint are considered to be part of the complaint for purposes of a motion to dismiss for failure to state a claim. Hal Roach Studios v. Richard Reiner & Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990).

A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief. Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984). In general, pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). The court has an obligation to construe such pleadings liberally. Bretz v. Kelman, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc). However, the court's liberal interpretation of a pro se complaint may not supply essential elements of the claim that were not pled. Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff's Claims

This action is proceeding on plaintiff's original complaint. He alleges that on June 26, 2012, while exiting the dining hall and pushing his cellmate in a wheelchair, plaintiff was conversing with his cellmate. Plaintiff claims that defendant Chenoweth told plaintiff, "you need to stop talking shit." (ECF No. 1 at 7.) Plaintiff continued about 20 to 30 feet, when defendant called plaintiff's name. Plaintiff returned to defendant, and when he was about 10 feet away from defendant, defendant stated, "assault Burton," and began spraying plaintiff with pepper spray. Defendant then

told plaintiff to get down twice. Plaintiff alleges that defendant never told plaintiff to turn around, stop advancing, or get down prior to using the pepper spray. Plaintiff contends that the use of pepper spray without prior warning was excessive force.[1]

III. Defendant's Motion to Dismiss

Defendant contends that plaintiff received a rules violation report for assault on a peace officer based on the June 26, 2012 incident. The report, appended to plaintiff's complaint, reflects that plaintiff refused to follow defendant's orders, and that defendant pepper-sprayed plaintiff out of fear for his own safety after plaintiff advanced on defendant with raised fists. After the hearing on the prison disciplinary charge, plaintiff was found guilty and assessed ninety days loss of good time credits. Defendant argues that plaintiff's excessive force claim is barred by Heck v. Humphrey, 512 U.S. 477 (1994), and Edwards v. Balisok, 520 U.S. 641, 648 (1997), because success in this lawsuit would necessarily invalidate the prison disciplinary finding that plaintiff was guilty of assaulting an officer, and the disciplinary has not been reversed.

In opposition, plaintiff contends that Heck does not apply because plaintiff alleges that his claim for damages is based on a theory that defendant targeted plaintiff on June 26, 2012, to harass plaintiff "due to past litigation," which led to defendant's frustration, use of excessive force, and staff misconduct. (ECF No. 18 at 2.) Plaintiff contends that his loss of time credits is not at issue here because he is seeking reversal of the guilty finding in a petition for writ of habeas corpus in Burton v. Paramo, Case No. 14-cv-2602 WBS CMK (E.D. Cal.). Plaintiff alleges that defendant has repeatedly harassed plaintiff and engaged in unprofessional conduct. (ECF No. 18 at 4.) Plaintiff disputes defendant's account of what took place on June 26, 2012, (ECF Nos. 18 at 5; 18-1), and claims defendant was required to first warn plaintiff that he was going to use pepper spray, citing Treats v. Morgan, 308 F.3d 868, 873 (8th Cir. 2002).

Defendant did not file a reply.

////

---

[1] On December 15, 2014, plaintiff's claims against defendant Warden McDonald were dismissed without prejudice, and plaintiff's improper search claim against defendant Chenoweth was dismissed without prejudice. (ECF No. 11.)

IV. Discussion

The rules violation report appended to the complaint reflects that plaintiff was found guilty in a disciplinary proceeding for assault on a peace officer on June 26, 2012, and was assessed a 90 day loss of good time credits. (ECF No. 1 at 21-23.) Plaintiff concedes that the prison disciplinary has not been overturned because he is pursing such relief in Case No. 14-cv-2602 WBS CMK, which is presently pending.

In Heck, the Supreme Court held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness could render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a writ of habeas corpus." 512 U.S. at 486-87. If a prisoner's complaint seeks damages based on claims which would "necessarily imply the invalidity" of an underlying conviction or sentence, Heck, 512 U.S. at 489-90, and he has not shown that the conviction or sentence has already been invalidated, either by way of direct appeal, state habeas or pursuant to 28 U.S.C. § 2254, a section 1983 claim for damages cannot be maintained and the complaint must be dismissed without prejudice. See Trimble v. City of Santa Rosa, 49 F.3d 583, 585 (9th Cir. 1995) (finding that an action barred by Heck has not yet accrued and thus, must be dismissed without prejudice so that the plaintiff may reassert his § 1983 claims if he succeeds in invalidating the underlying conviction or sentence); accord Blueford v. Prunty, 108 F.3d 251, 255 (9th Cir. 1997).

In other words, if a criminal conviction, prison disciplinary hearing or other judgment "arising out of the same facts stands and is fundamentally inconsistent with the unlawful behavior for which the section 1983 damages are sought, the 1983 action must be dismissed." Smithart v. Towery, 79 F.3d 951, 952 (9th Cir. 1996); Cunningham v. Gates, 312 F3d 1148, 1153 (9th Cir. 2002). Edwards v. Balisok makes clear that this reasoning applies whether the prisoner challenges the conviction underlying his original sentence, or a prison administrative ruling which deprives him of good-time credits. 520 U.S. at 644-45; Sheldon v. Hundley, 83 F.3d 231, 233 (8th Cir. 1996). Thus, to determine whether Heck and Edwards bar a claim for damages arising

from a prison disciplinary hearing, the court must examine "not the relief sought, but the ground of the challenge." Miller v. Indiana Dept. of Corrections, 75 F.3d 330, 331 (7th Cir. 1996).

Here, plaintiff argues that he was a passive victim, who was pepper sprayed without prior warning and without cause. In his opposition, he argues that officers may not use chemical agents against a prisoner who poses no risk. (ECF No. 18-1 at 6.) However, in the rules violation report appended to plaintiff's complaint, defendant states that plaintiff refused defendants initial orders to return, and then turned suddenly, briskly approached defendant with a look of anger and clenched fists raised, and failed to comply with orders to get down. (ECF No. 1 at 15-16.) When plaintiff was about ten feet away, he turned his body to his right and brought his right fist and arm back in a position to swing at defendant. Defendant feared for his safety, and believed that plaintiff was going to assault him, so when plaintiff was about five feet from defendant, he sprayed plaintiff with pepper spray while at the same time ordered him to get down on the ground. (ECF No. 1 at 16.) In addition, during the disciplinary hearing, plaintiff re-enacted the incident for the hearing officer, who explained that plaintiff's actions during the enactment "would justify anybody to be in fear for their safety." (ECF No. 1 at 23.)

Plaintiff's disciplinary conviction and his excessive force claim arise from the same incident, and the two versions of events are entirely inconsistent with one another.[2] If plaintiff prevailed on his claim that defendant, unprovoked by plaintiff and without any justification, used excessive force by pepper spraying plaintiff, such success would necessarily invalidate the result of the disciplinary hearing, which was based on the finding that plaintiff caused defendant to fear for his safety and sprayed plaintiff to prevent plaintiff from battering defendant. If plaintiff could

[2] Plaintiff's reliance on Treats is unavailing. In Treats, the court found a cognizable excessive force claim where an officer used pepper spray without warning on an inmate who may have questioned his actions but who otherwise posed no threat. Id., 308 F.3d at 873. However, such use is permitted where guards administer a single shot of pepper spray as a proportionate response when an inmate becomes agitated and refuses to obey orders. Giles v. Kearney, 571 F.3d 318, 329 (3d Cir. 2009); see also Fennell v. Gilstrap, 559 F.3d 1212, 1217, (11th Cir. 2009) (finding a jailor's kick to pretrial detainee's face, resulting in fractures, not to be excessive force under the Fourteenth Amendment where inmate was struggling with other officers and had not yet been secured, and officers immediately offered medical care, the court there noting "use of force does not 'shock the conscience' if it is applied in 'a good-faith effort to maintain or restore discipline.'")

prove defendant violated his Eighth Amendment rights in connection with his prison disciplinary, the result would imply he was wrongly assessed a 90-day loss of credit, thereby improperly extending his sentence. No court has called into question the legality of any aspect of plaintiff's prison disciplinary. See Heck, 512 U.S. at 486-87. Plaintiff's success on this claim would necessarily imply the illegality of the prison disciplinary, which is barred by Heck and Edwards. Thus, plaintiff's Eighth Amendment claim cannot be addressed in this § 1983 action. The proper avenue for plaintiff would be a habeas petition, which plaintiff concedes he is pursuing at this time. Accordingly, defendant's motion to dismiss plaintiff's challenge to the prison disciplinary is granted.

Plaintiff also argues that his claim against defendant Chenoweth is akin to a claim of malicious prosecution. (ECF No. 18 at 4.) However, a challenge to the prison disciplinary proceeding under a theory of malicious prosecution is also barred as plaintiff was assessed the loss of good time credits. See Heck, 512 U.S. at 483-84 (concluding that § 1983 claim not cognizable because allegations were akin to malicious prosecution action which includes as an element a finding that the criminal proceeding was concluded in plaintiff's favor); Edwards, 520 U.S. at 646 (holding that § 1983 claim not cognizable because allegations of procedural defects and a biased hearing officer implied the invalidity of the underlying prison disciplinary sanction of loss of good-time credits).

Further, plaintiff alleges that defendant Chenoweth engaged in unprofessional conduct and also harassed plaintiff. However, such allegations do not rise to the level of a constitutional violation. Allegations of harassment, embarrassment, and defamation are not cognizable under section 1983. Rutledge v. Arizona Bd. of Regents, 660 F.2d 1345, 1353 (9th Cir.1981), aff'd sub nom. Kush v. Rutledge, 460 U.S. 719 (1983); see also Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1982) (allegations of harassment with regards to medical problems not cognizable); Batton v. North Carolina, 501 F.Supp. 1173, 1180 (E.D. N.C. 1980) (mere verbal abuse by prison officials does not state claim under § 1983). In addition, allegations of mere threats are not cognizable. See Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir.1987) (mere threat does not constitute

////

constitutional wrong, nor do allegations that naked threat was for purpose of denying access to courts compel contrary result).

Finally, plaintiff vaguely alleges that defendant acted "due to past litigation." (ECF No. 18 at 2.) Plaintiff has not alleged that he was disciplined in retaliation for exercising his First Amendment right to engage in litigation, or that defendant fabricated the charges against him in retaliation for plaintiff's litigation. Thus, it is unclear whether such claim, if solely based on the June 26, 2012 incident, would also be barred by Heck. Courts have reached different conclusions when considering whether Heck bars retaliation claims. Compare Woods v. Smith, 60 F.3d 1161 (5th Cir.1995) (retaliation claims not subject to Heck),[3] cert. denied, 516 U.S. 1084 (1996), with Sheldon, 83 F.3d at 234 (where First Amendment claims are so entangled with the propriety of the disciplinary result that ruling in plaintiff's favor on First Amendment grounds would necessarily imply the invalidity of the disciplinary result, First Amendment claims are barred); Jackson-El v. Winsor, 986 F.Supp. 440, 444 (E.D. Mich. 1997) (claim that defendant prepared false disciplinary charge in retaliation subject to Heck ); Cohea v. Salter, 2009 WL 3128949 at 3 (E.D. Cal. 2009) (same); Williams v. Woodford, 2009 WL 3823916 at *3 (E.D. Cal. 2009) (finding claim alleging that disciplinary conviction was based on retaliation to be Heck barred); Nguyen v. Bartos, 2012 WL 3589797, *13 n.2 (E.D. Cal. Aug. 20, 2012) ("a determination that

[3] But the court also noted that prison officials have wide latitude in the control and discipline of inmates, and reinforced the difficult burden a prisoner would face in raising such a challenge:

> To state a claim of retaliation an inmate must allege the violation of a specific constitutional right and be prepared to establish that but for the retaliatory motive[,] the complained of incident -- such as the filing of disciplinary reports as in the case at bar -- would not have occurred. This places a significant burden on the inmate. Mere [conclusory] allegations of retaliation will not withstand a summary judgment challenge. The inmate must produce direct evidence of motivation or, the more probable scenario, "allege a chronology of events from which retaliation may plausibly be inferred." Although we decline to hold as a matter of law that a legitimate prison disciplinary report is an absolute bar to a retaliation claim, the existence of same, properly viewed, is probative and potent summary judgment evidence, as would be evidence of the number, nature, and disposition of prior retaliation complaints by the inmate.

Woods, 60 F.3d at 1166.

defendant Bartos filed false charges against plaintiff in retaliation for filing the administrative grievance would necessarily imply the invalidity of the disciplinary conviction"; retaliation claim is Heck barred.).

In addition, it is also unclear whether plaintiff can allege other facts, unrelated to the June 2012 incident, that would support a retaliation claim.

Therefore, in an abundance of caution plaintiff is granted leave to amend, and advised of the following standards governing retaliation claims.

"Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so." Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012) (citation omitted). To state a viable First Amendment retaliation claim, a prisoner must allege five elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005). Conduct protected by the First Amendment includes communications that are "part of the grievance process." Brodheim v. Cry, 584 F.3d 1262, 1271 n.4 (9th Cir. 2009). If plaintiff intends to assert a retaliation claim, he must specifically identify the protected conduct at issue, name the defendant who took adverse action against him, and plead that the allegedly adverse action[4] was taken "because of" plaintiff's protected conduct.[5]

The Ninth Circuit has found that preserving institutional order, discipline and security are legitimate penological goals which, if they provide the motivation for an official act taken, will defeat a claim of retaliation. Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir.1994); Rizzo v.

---

4 For purposes of evaluating a retaliation claim, an adverse action is action that "could chill a person of ordinary firmness from continuing to engage in the protected activity[ ]." Pinard v. Clatskanie School Dist., 467 F.3d 755, 770 (9th Cir. 2006). See also White v. Lee, 227 F.3d 1214, 1228 (9th Cir. 2000).

5 Prisoners have a constitutional right to file prison grievances and pursue civil rights litigation in the courts. See Rhodes, 408 F.3d at 567. Prison officials may not retaliate against prisoners for exercising these rights. Id. at 568; see also Hines v. Gomez, 108 F.3d 265, 267 (9th Cir. 1997); Bradley v. Hall, 64 F.2d 1276, 1279 (9th Cir. 1995).

Dawson, 778 F.2d 527, 532 (9th Cir. 1985) ("Challenges to restrictions of first amendment rights must be analyzed in terms of the legitimate policies and goals of the correctional institution in the preservation of internal order and discipline, maintenance of institutional security, and rehabilitation of prisoners."). The burden is thus on plaintiff to allege and demonstrate that legitimate correctional purposes did not motivate the actions by prison officials about which he complains. See Pratt v. Rowland, 65 F.3d 802, 808 (9th Cir. 1995) (prisoner "must show that there were no legitimate correctional purposes motivating the actions he complains of.").

V. Conclusion

Defendant's motion to dismiss is granted, but with leave to amend. Accordingly, plaintiff is granted thirty days to file an amended complaint. Defendant is relieved of filing a responsive pleading until further court order.

If plaintiff chooses to file an amended complaint, he is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint."

Finally, nothing in this order requires plaintiff to file a first amended complaint. If plaintiff determines that he is unable to amend his complaint in compliance with the court's order at this time, he may alternatively file a notice of voluntary dismissal of his claims without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) within 30 days of this order.

////

////

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's motion to dismiss (ECF No. 15) is granted, but plaintiff is granted leave to amend; and

2. Within thirty days from the date of this order, plaintiff shall file either an amended complaint in compliance with this order, or a notice of voluntary dismissal of the action without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).

Dated: December 2, 2015

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/burt2331.mtd